| Fill in this information to identify the case: | |
|---|---|
| Debtor1 | Robert W Smith |
| Debtor 2 (Spouse, if filing) | Renee D Smith |
| United States Bankruptcy Court for the : MIDDLE District of Pennsylvania (State) | |
| Case number 17-02376 | |

# Form 4100R
# Response to Notice of Final Cure

10/15

According to Bankruptcy Rule 3002.1(g), the creditor responds to the trustee's notice of final cure payment.

### Part 1: Mortgage Information

**Name of creditor:** US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust

**Court claim no.** (if known): 4

**Last 4 digits** of any number you use to identify the debtor's account: 4391

**Property address:** 3650 NEW PARK RD ,
Number    Street

NEW PARK, PA 17352
City    State    ZIP Code

### Part 2: Prepetition Default Payments

*Check one:*

[X]  Creditor agrees that the debtor(s) have paid in full amount required to cure the prepetition default on the creditor's claim

[ ]  Creditor disagrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim. Creditor asserts that the total prepetition amount remaining unpaid as of the date of this response is:      $_____

### Part 3: Postpetition Mortgage

*Check one:*

[ ]  Creditor states that the debtor(s) are current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

The next postpetition payment from the debtor(s) is due on:    ___/___/_____
MM/DD/YYYY

[X]  Creditor states that the debtors are not current on all postpetition payments consistent with § 1322 (b)(5) of the Bankruptcy Code, including all fees charges expenses, escrow, and costs.

Creditor asserts that the total amount remaining unpaid as of the date of this response is:

a. Total postpetition ongoing payments due:     (a) $85,754.41
b. Total suspense:     - (b) $460.57
c. Total. Subtract lines a and b.     (c) $85,293.84

Creditor asserts that the debtor(s) are contractually obligated for the postpetition payment(s) that first became due on:    __5__/_1__/ 2018*____
MM/ DD/ YYYY

*Relief Granted on 9/15/2021.*

| Debtor 1 | Robert W Smith | Case number *(if known)* | 1:17-bk-02376-HWV |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

## Part 4: Itemized Payment History

If the creditor disagrees in Part 2 that the prepetition arrearage has been paid in full or states in Part 3 that the debtor(s) are not current with all postpetition payments, including all fees, charges expenses, escrow, and costs, the creditor must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

[X] all payments received;
[X] all fees, costs, escrow, and expenses assessed to the mortgage; and
[X] all amounts the creditor contends remain unpaid

## Part 5: Sign Here

**The person completing this response must sign it. The response must be filed as a supplement to the creditor's proof of claim**

*Check the appropriate box:*

[ ] I am the creditor.
[X] I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this response applies.

X    /s/ Charles G. Wohlrab      Date 12/19/2022
     Signature

Print    Charles G. Wohlrab, Esq.      Title Authorized Agent
     First Name    Middle Name    Last Name

Company    Robertson, Anschutz, Schneid, Crane & Partners, PLLC

If different from the notice address listed on the proof of claim to which this response applies:

Address    130 Clinton Rd #202
     Number    Street

     Fairfield, NJ 7004
     City    State    ZIP Code

Contact    470-321-7112      Email cwohlrab@raslg.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via United States Mail to the following:

Robert W Smith
3650 New Park Road
New Park, PA 17352

Renee D Smith
3650 New Park Road
New Park, PA 17352

And via electronic mail to:

Michael R Caum
PO Box 272
Shrewsbury, PA 17361

Jack N Zaharopoulos (Trustee)
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

By: /s/ Jessica Norton

Email: jnorton@raslg.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Renee D. Smith<br>Robert W. Smith<br>         Debtor(s) | CHAPTER 13 |
| Specialized Loan Servicing, LLC<br>         Movant<br>   v.<br>Renee D. Smith<br>Robert W. Smith<br>         Debtor(s)<br>Joan Krieg<br>         Co-Debtor<br>   and<br>Jack N. Zaharopoulos<br>         Trustee | NO. 17-bk-02376 HWV<br><br>11 U.S.C. Section 362 and 1301 |

## ORDER

Upon consideration of Movant's Motion for Relief from the Automatic Stay, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 and 1301 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and 1301, is modified with respect to the subject premises located at 3650 New Park Road, New Park, PA 17352 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

Dated: September 15, 2021     By the Court,

                   *Henry W. Van Eck*
                   Henry W. Van Eck, Chief Bankruptcy Judge (CD)